United States District Court

Eastern District of California

| | |
|---|---|
| David L. Fulbright, | |
|     Petitioner, | No. Civ. S 04-2490 DFL PAN P |
|   vs. | Findings and Recommendation |
| D. L. Runnels, Warden, | |
|     Respondent. | |

-oOo-

Petitioner, a prisoner without counsel, seeks a writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254. Respondent moves to dismiss upon the ground the petition is untimely. Petitioner does not oppose the motion.

Petitioner was convicted May 12, 1995. Petitioner appealed and May 29, 1996, the appellate court affirmed the judgment. His conviction became final July 8, 1996, 40 days after the California Court of Appeal filed its opinion. <u>See</u> Cal. Rules of Court, rules 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a.

1     A one-year limitation period for seeking federal habeas
2 relief then began to run.  28 U.S.C. § 2244(d)(1).  Petitioner
3 had until July 8, 1997, to file a federal application and, absent
4 tolling, petitioner's November 22, 2004, petition is late.
5     A properly filed state post conviction application tolls the
6 limitation period.  28 U.S.C. § 2244(d)(2).
7     November 13, 1996, petitioner applied for a writ of habeas
8 corpus in the trial court, which denied relief 56 days later on
9 January 8, 1997.  The limitation period was tolled during this
10 period and extended his time to file his federal petition until
11 September 2, 1997.
12     Petitioner's many subsequent state habeas petitions did not
13 toll the limitation period because all were filed after September
14 2, 1997.  See Fergusun v. Palmateer, 321 F.3d 820, 823 (9th Cir.
15 2003) (section 2244(d) does not permit re-initiation of the
16 limitation period when it expires before a timely state petition
17 for post-conviction relief was filed).  (Petitioner's first
18 federal petition, which was dismissed for failure to exhaust his
19 state remedies, would not have tolled the limitation period even
20 if it had been timely filed.  Duncan v. Walker, 531 U.S. 991
21 (2001).)
22     Petitioner does not argue he is entitled to equitable
23 tolling.
24     I find petitioner's November 22, 2004, habeas petition is
25 untimely and therefore recommend respondent's June 28, 2005,
26 motion be granted and this action be dismissed.

1     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Within 20 days after being served with these findings and recommendations, petitioner may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

    Dated:   December 13, 2005.

                        /s/ Peter A. Nowinski
                        PETER A. NOWINSKI
                        Magistrate Judge